# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERNEST J. HOOPENGARNER,      :
    Petitioner,      :
                        :
         v.        :        CIVIL ACTION NO.  97-CV-6192
                        :
SUPERINTENDENT      :
FREDRICK FRANK, *et al.,*      :
    Respondents.      :

## MEMORANDUM

JOYNER, J.                                                                    FEBRUARY  24, 2020

*Pro se* Petitioner Ernest J. Hoopengarner, a prisoner in state custody serving a life

sentence for first degree murder, has filed a Motion for Relief from Judgment Under Fed. R. Civ.

P. 60(b).  (*See* ECF No. 50.)  Hoopengarner seeks to reopen the judgment dismissing his Petition

for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be

deemed to be an unauthorized second or successive habeas petition over which this Court lacks

jurisdiction, the Motion is dismissed.

## I.      BACKGROUND

The procedural history and factual background of Hoopengarner's conviction is fully set

forth in the Report and Recommendation prepared by Chief Magistrate Judge James R.

Melinson.  (ECF No. 11.)  Accordingly, the Court outlines only the information necessary to

place the instant Motion in context.  Following the denial of his fourth petition[1] for post-

---

[1]  Hoopengarner filed his first petition for post-conviction relief on November 25, 1983 pursuant
to the Pennsylvania Post Conviction Hearing Act, ("PCHA"), 42 Pa. C.S.A. §§ 9541-9551
(superseded by the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-
9546), but he withdrew that first petition approximately four days later after consultation with
counsel.  (ECF No. 11 at 1-2.)  Hoopengarner filed a second petition pursuant to the PCHA on
May 9, 1984.  (*Id.* at 2.)  Counsel was appointed, and Hoopengarner's second petition was
denied after an evidentiary hearing.  (*Id.*)  During the pendency of the appeal of his second
petition, Hoopengarner filed this third PCHA petition, as well as a petition for a writ of habeas

conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, Hoopengarner filed his § 2254 petition on October 3, 1997 asserting three claims of ineffective assistance of counsel.[2] (ECF No. 11 at 4.) Chief Magistrate Judge Melinson recommended that Hoopengarner's § 2254 petition should be denied as procedurally barred. (*Id.* at 5-8.) Hoopengarner filed Objections to the Report and Recommendation on March 9, 1998. (ECF Nos. 14, 15.) By Order dated March 11, 1998, Chief Judge Edward N Cahn, overruled and denied Hoopengarner's Objections, approved and adopted the Report and Recommendation, denied the petition, and determined there was no probable cause for appeal. (ECF No. 16 at 1.)

On appeal, the United States Court of Appeals for the Third Circuit granted Hoopengarner's application for a certificate of appealability and remanded the matter for a determination of whether trial counsel was ineffective for failing to take a direct appeal of Hoopengarner's conviction and sentence. (ECF No. 20 at 1.) On remand, Chief Judge Cahn granted Hoopengarner's request for counsel and appointed the Federal Public Defender's Office in this matter. (ECF No. 22.) The matter was then reassigned to the undersigned on December 21, 1998. (ECF No. 23.) The Court later appointed counsel to Hoopengarner pursuant to the Criminal Justice Act, (*see* ECF No. 30), and held an evidentiary hearing in this matter on November 22, 1999 where witnesses were called. (ECF No. 36.) By Order dated March 3,

---

corpus in federal court. (*Id.*) Both of these actions were dismissed, and Hoopengarner did not appeal. (*Id.*) Approximately nine years later, Hoopengarner filed his fourth petition for post-conviction relief pursuant to the PCRA on August 8, 1995. (*Id.* at 3.) That fourth petition was denied without an evidentiary hearing on September 20, 1996, and the denial was affirmed on appeal. (*Id.* at 3-4.)

[2] Those claims involved ineffectiveness of trial counsel for failing to present evidence of voluntary intoxication at the degree of guilt hearing, failing to advise Hoopengarner that an intoxication defense was available to him, and failing to file a direct appeal. (ECF No. 11 at 4.)

2000, the Court denied Hoopengarner's § 2254 petition on the merits with respect to both the narrow issue on remand by the Third Circuit as well as Hoopengarner's additional claims regarding the issue of the intoxication defense. (ECF No. 39 at 1-2.)

In the current Motion, Hoopengarner seeks relief pursuant to Rule 60(b). Hoopengarner argues that his Constitutional rights under the Sixth and Fourteenth Amendments were violated by trial counsel when he "conceded [P]etitioner's guilt and decided to abandon [Hoopengarner] from the outset of" his case. (ECF No. 50 at 5-6.)[3] Hoopengarner also claims that trial counsel's ineffective assistance violated his rights because counsel failed to, among other things, conduct an investigation, interview co-defendants or alibi witnesses, take any notes, or obtain a transcript of Petitioner's extradition hearing. (*Id.* at 7-16.) Hoopengarner further contends that trial counsel was ineffective for failing to advise him of the availability of a direct appeal and "intentionally manipulated" Hoopengarner's appellate rights. (*Id.* at 17-26.) Setting aside the issue of ineffective assistance of trial counsel, Hoopengarner additionally argues that the trial court errored by allowing his guilty plea to stand when there was insufficient evidence to support a murder conviction. (*Id.* at 27-28.) Finally, Hoopengarner alleges error on the part of this Court in denying his previous § 2254 petition and also makes claims that he was the victim of malicious prosecution. (*Id.* at 29-34.)

## II.    DISCUSSION

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.      Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw

(database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[4]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'"  *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

"challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Hoopengarner's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear – Hoopengarner's Rule 60(b) motion can only be viewed as a successive habeas petition. Hoopengarner is not challenging any procedural rulings made in the course of denying his petition. Rather, Hoopengarner's arguments are either: (a) direct challenges to the substantive rulings made by the Court in denying the petition on the merits; or (b) allege error or misconduct by the Court or other individual actors. Moreover, the direct substantive challenges he raises are all claims that have been raised and addressed before by the Court. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

**s/ J. Curtis Joyner**

_____

**J. CURTIS JOYNER, J.**